NOKIA CORPORATION,
Plaintiff–Appellee,

v.

Kemal UZAN, Cem Cengiz Uzan, Murat
Hakan Uzan, Melahat Uzan, Aysegul
Akay, Antonio Luna Betancourt, De-
fendants–Appellants,

Unikom Iletism Hizmetleri Pazarlama
A.S., Standart Pazarlama and Stan-
dart Telekomunikasyon Bilgisayar
Hizmetleri, Defendants,

Motorola Inc., Kroll Associates, Christo-
pher B. Galvin, Keith J. Bane, Walter
Keating, Ed Hughes and Ernst Kram-
er, Counter–Defendants,

Motorola Credit Corporation, Plaintiff,

Credit Lyonnais, UBS AG, Bruce
G. Howell, and ABN Amro
Bank N.V., Movants.

Docket No. 05–0938 CV.

United States Court of Appeals,
Second Circuit.

Submitted: June 14, 2005.

Decided: Oct. 5, 2005.

Jason Brown (David D. Howe, of coun-
sel), Holland & Knight LLP, New York,
NY, for Plaintiff–Appellee.

R. Stan Mortenson (Ryan E. Bull, Benjamin E. Kringer, of counsel), Baker Botts, L.L.P., Washington, DC, for Defendants–Appellants.

Before: MINER, CALABRESI, and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Plaintiff Nokia Corp. moves to dismiss an appeal that members of the Uzan family and an associate (the "individual defendants") have brought from a contempt judgment entered against them by the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) in the amount of approximately $1.735 billion. We conclude that the arguments the individual defendants assert on this appeal were ripe for review on a prior appeal that they took from the underlying order imposing the sanction contained in the contempt judgment. Because those arguments were not raised on the prior appeal, we deem them waived and grant plaintiff's motion to dismiss this appeal.

## BACKGROUND

We assume familiarity with our prior opinions in this matter, *see Motorola Credit Corp. v. Uzan,* 388 F.3d 39 (2d Cir.2004) ("*Uzan III*"); *Motorola Credit Corp. v. Uzan,* 322 F.3d 130 (2d Cir.2003)("*Uzan I*"), and those of the District Court, *see, e.g., Motorola Credit Corp. v. Uzan,* 274 F.Supp.2d 481 (S.D.N.Y.2003) ("*Uzan II*"), and recount here only the limited facts material to the resolution of this motion.

In an ostensible effort to obtain financing to develop the business of a Turkish telecommunications company called Telsim, defendants fraudulently obtained loans from plaintiffs secured by shares of Telsim. *See Uzan III,* 388 F.3d at 43.

After procuring the loans, defendants diluted the value of the collateral by tripling the number of outstanding shares of Telsim and creating a new privileged class of unencumbered shares endowed with authority to elect a majority of Telsim's directors. *See id.* at 43–44. After protracted litigation culminating in a bench trial,[1] the District Court found defendants liable for bilking the two corporate plaintiffs out of over $2 billion. *Id.* at 42. The District Court filed a comprehensive Opinion and Order on July 31, 2003 (the "July 31 Order") in which it imposed various remedies, including a constructive trust on 73.5% of the shares of Telsim, which was the "functional equivalent of the original collateral" that had secured the loans defendants had obtained from plaintiffs. *Uzan II,* 274 F.Supp.2d at 581. In accordance with that constructive trust, "[d]efendants [were] ordered to convey the shares encompassed by the constructive trust to the registry of [the District] Court within one week from the entry of judgment for the purposes of execution of judgment." *Id.* To enforce that stock transfer order, the District Court imposed a contingent sanction in paragraph twelve of the "Orders of Relief" section of the July 31 Order, providing that:

Defendants have already been found to be in contempt of the Court's prior orders regarding the transfer of stock. Since Nokia has no meaningful remedy for the fraud perpetrated upon it other than the constructive trust imposed herein on its behalf, therefore, in light of the defendants' past contempts, if defendants now fail to transfer or cause to be transferred the requisite Telsim shares to the Court's registry on behalf of Nokia within one week from the entry of

1. Defendants refused to participate in the bench trial on account of jurisdictional objec-

tions. *See Uzan III,* 388 F.3d at 46.

judgment, the Court hereby orders that judgment will *automatically* then enter requiring defendants (jointly and severally) to pay to Nokia two times the full amount outstanding on the loans extended by Nokia to Telsim (*i.e.,* $711,000,977.23, plus pre-judgment interest in the amount of $142,706,661.90, for a total of $853,707,639.13) for a grand total of $1,707,415,278.26. (Post-judgment interest, in accordance with federal law, will be taxed by the Clerk.) *Id.* at 582 (emphasis added). Judgment implementing the July 31 Order was entered on August 1, 2003 (the "August 1 Judgment").

Although the time for compliance with the stock transfer order had passed, the Clerk of Court of the District Court ("Clerk of Court") had yet to issue the contempt judgment called for in paragraph twelve on August 13, 2003, when defendants filed a notice of appeal from the July 31 Order and the August 1 Judgment implementing that Order. Defendants' notice of appeal purported to challenge, *inter alia,* the "relief set forth in paragraphs 1–14 of the Orders of Relief section of the Opinion and Order." Defendants briefed various arguments on appeal, but they did not specifically take issue with the provisions of paragraph twelve that calculated the contempt sanction and that made the sanction self-executing.[2] We affirmed in part and vacated in part the judgment of the District Court and remanded the action for further proceedings. *See Uzan III,* 388 F.3d at 65–66. The mandate is-

sued on December 30, 2004, and upon the return of the cause to the District Court, the Clerk of Court issued a judgment dated January 19, 2005 for approximately $1.735 billion against defendants in favor of Nokia (the "contempt judgment"), implementing the order contained in paragraph twelve of the July 31 Order. It is from the contempt judgment of January 19, 2005 that the individual defendants now appeal. Nokia has moved to dismiss the appeal, or in the alternative for summary affirmance or an expedited appeal.

## DISCUSSION

Defendants' appeal from the July 31 Order (the "prior appeal") purported to challenge paragraph twelve of the "Orders of Relief" section. Paragraph twelve required a judgment of contempt to be entered *automatically* in the event the Telsim shares were not transferred to the registry of the District Court on behalf of Nokia within one week of the entry of judgment implementing the July 31 Order. *See Uzan II,* 274 F.Supp.2d at 582. Defendants do not contest that they never transferred the shares. Consequently, one week after August 1, 2003, the date of the entry of judgment implementing the July 31 Order, paragraph twelve, by its terms, *automatically* imposed a contempt sanction. At that point, defendants had been found in contempt, and the amount of the sanction was fixed. Accordingly, when defendants initiated the prior appeal on August 13, 2003, challenging the "relief set forth in paragraphs 1–14," the contingent order in paragraph twelve already had matured into a final order.[3] *See In re Litas*

2. On the prior appeal, defendants argued, *inter alia,* that the contempt sanction "directly contradicts" Federal Rule of Civil Procedure 69, which governs the execution of money judgments. Howe Aff., Apr. 20, 2005, Ex. G at 69. That contention, which we did not reach, *see Uzan III,* 388 F.3d at 60–61 & n. 18, is not at issue on this appeal.

3. The individual defendants maintain that paragraph twelve could not have matured

into a final order on August 8, 2003, one week from the August 1 Judgment implementing the July 31 Order, because in a Memorandum Order filed on August 8 denying defendants' motion for a stay of the August 1 Judgment, the District Court noted that the contempt sanction "only becomes relevant if defendants once again act in contempt of the Court's orders to transfer Telsim stock." *Motorola v. Uzan,* 275 F.Supp.2d 519, 524 (S.D.N.Y.

*Int'l, Inc.,* 316 F.3d 113, 117 (2d Cir.2003) ("[T]he party wishing to appeal need not wait for the lower court to enter a Rule 58 judgment, but could instead challenge the lower court's decision once the time established for meeting the requirements of the conditional order had passed."); *Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 36–37 (2d Cir.1990) (a contingent dismissal of an action providing leave to replead becomes a final order upon the expiration of the time period given for amendment). At that time, however, the Clerk of Court had yet to enter the contempt judgment implementing the then-final order of paragraph twelve. Nevertheless, by taking an appeal from that final order, the individual defendants waived their right to wait to appeal until the contempt judgment had been entered pursuant to Federal Rule of Civil Procedure 58. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) ("We … conclude that it could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it."); *In re Litas Int'l,* 316 F.3d at 117 ("[A] party wishing to appeal from a district court's decision may waive the separate-document requirement of Rule 58.").

On this appeal, the individual defendants challenge the sanction contained in paragraph twelve, as effectuated by the January 19, 2005 contempt judgment, on the grounds that the District Court did not issue a properly formulated compensatory or coercive civil contempt sanction and that the District Court should not have imposed the sanction automatically upon non-compliance with the stock transfer order. However, because paragraph twelve had already matured into a final order, these arguments—relating to the amount

2003). The apparent conditional phrasing of that statement, however, does not alone ne-

of the sanction and its reflexive implementation—were available to the individual defendants on the prior appeal and were ripe at that time. Yet the individual defendants do not dispute that they failed to raise these arguments. Accordingly, we deem the arguments waived and grant plaintiff's motion to dismiss the appeal. *See United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the … appellate court in a subsequent appeal from reopening such issues ….") (internal quotation marks and citation omitted).

## CONCLUSION

Because the arguments appellants assert on this appeal have been waived, plaintiff's motion to dismiss the appeal is **GRANTED**.

gate the explicitly self-executing language of paragraph twelve.