10-3074-pr
Dixon v. Laboriel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven.

PRESENT:
          PIERRE N. LEVAL,
          PETER W. HALL,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

Echo W. Dixon,

          *Plaintiff-Appellant*,

                    v.                                        10-3074-pr

Captain Laboriel, Shield # 754, *et al*.,

          *Defendants-Appellees*.

_____


FOR APPELLANT:          Echo W. Dixon, *pro se*, Attica, NY.


FOR APPELLEES:          Deborah A. Brenner (on the brief) and Kristin M. Helmers, of
                        Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City
                        of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Echo W. Dixon, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion for summary judgment in his 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted a *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the court in its thorough and well-reasoned decision. The majority of the arguments in Dixon's brief are raised for the first time on appeal, and, moreover, could have been raised in Dixon's first appeal in this case, but were not. This includes Dixon's constitutional challenge to the exhaustion requirement of

2

the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and his argument that his failure to properly exhaust administrative remedies should be excused because he was denied access to the courts. As a result, we decline to consider those arguments, which in any event have been waived. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)); *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (an issue that was ripe for review at the time of an initial appeal, but was forgone, is considered waived in a subsequent appeal); *see also Nokia Corp. v. Uzan*, 425 F.3d 1005, 1008 (2d Cir. 2005) (applying the rule articulated in *Quintieri* to a civil case).

Dixon also argues that Defendant Laboriel was not entitled to qualified immunity. The district court concluded that Dixon's description of the alleged assault was contradicted by a video of the incident made by a prison security camera, which showed a sequence of events that entitled Laboriel to qualified immunity. Dixon has not challenged the accuracy of this video. Under the circumstances depicted, we agree with the district court that Laboriel was entitled to qualified immunity. *See Scott v. Harris*, 550 U.S. 372, 379-80 (2007) (holding that summary judgment may not be defeated by allegations that are "blatantly contradicted" by video footage).

We have considered Dixon's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk