11-352-cr
United States v. Boyd

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
>ROBERT A. KATZMANN,
>RICHARD C. WESLEY,
>>*Circuit Judges*,
>MARK R. KRAVITZ,<sup>*</sup>
>>*District Judge.*

———————————————————————

United States of America*,*
>*Appellee,*

>-v.-                                                          11-352-cr

Anthony Boyd,
>*Defendant-Appellant*.

———————————————————————

FOR APPELLANT:          Anthony Boyd, *pro se*, Bruceton Mills, WV.

FOR APPELLEE:           Janis M. Echenberg, Jessica Ortiz, Andrew L. Fish, Assistant
United States Attorneys, *for* Preet Bharara, United States Attorney,
Southern District of New York, New York, N.Y.

———————————————

<sup>*</sup> The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Defendant-Appellant Anthony Boyd, *pro se*, appeals from the post-judgment order of the United States District Court for the Southern District of New York (Rakoff, *J.*) denying his motion for DNA testing. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Boyd has abandoned any challenge to the district court's denial of his request for DNA testing under 18 U.S.C. § 3600 by failing to raise the issue in his appellate brief. *See United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002) ("'Ordinarily, failure to include an argument in the appellate brief waives the argument on appeal.'") (quoting *United States v. Zichettello*, 208 F.3d 72, 121 (2d Cir. 2000)). Instead, Boyd seeks to raise a claim under 42 U.S.C. § 14132(b)(3). Regardless of whether this section creates a private right of action, an issue we need not reach, Boyd has waived any challenge to the district court's decision by abandoning the § 14132 claim he raised below. This alone provides a sufficient basis for affirming the district court. *Cf. Nokia Corp. v. Uzan*, 425 F.3d 1005, 1008 (2d Cir. 2005) (granting motion to dismiss the appeal where the appellants' arguments had been waived).

In the district court, Boyd sought, under § 14132, evidence that *his* DNA profile had been entered into a searchable database. By contrast, on appeal, Boyd seeks information about the DNA profile created from the forensic evidence recovered from the crime scenes in this case. We decline to consider this new claim. *See United States v. Lauersen*, 648 F.3d 115, 115-16 (2d Cir. 2011) (finding that, generally, the Court does not consider claims raised for the first time on appeal) (per curiam). And, find that by requesting different relief under § 14132(b), Boyd has

2

abandoned the claim asserted in the district court, *see Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d

Cir. 2000) ("When a litigant – including a *pro se* litigant – raises an issue before the district court

but does not raise it on appeal, the issue is abandoned.").

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk