09-0255-cr
USA v. Lauersen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

⸻

August Term, 2010

(Argued: May 25, 2011                                    Decided: June 7, 2011)

Docket No. 09-0255-cr

⸻

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                            09-0255-cr

NIELS H. LAUERSEN,

*Defendant-Appellant*.

⸻

Before:  McLAUGHLIN, POOLER, and SACK, *Circuit Judges*.

Defendant Niels H. Lauersen, subject to delinquency and default penalties under 18 U.S.C. § 3612(g) for failure to pay restitution and a fine arising from his criminal conviction, appeals the December 31, 2008 order of the District Court for the Southern District of New York (Pauley, *J.*), denying Lauersen's request that the district court waive or reduce such penalties. Lauersen argues that the district court erred by finding that it lacked the authority under Section 3612 to waive all or part of Lauersen's delinquency and default penalties.  We disagree with Lauersen.  Only the Attorney General, not a district court, may waive all or part of a delinquency or default penalty properly assessed pursuant to Section 3612(g).  Affirmed.

⸻

Michael M. Rosensaft, Justin S. Weddle (*on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

Gerald L. Shargel, Law Offices of Gerald L. Shargel, New York, NY, *for Appellant*.

PER CURIAM:

Appellant Niels H. Lauersen appeals from a December 31, 2008 order of the District Court for the Southern District of New York (Pauley, *J.*), denying Lauersen's request that the district court waive or reduce delinquency and default penalties imposed pursuant to 18 U.S.C. § 3612(g). Lauersen was responsible for paying restitution and a fine arising from his criminal conviction, yet he was delinquent (more than 30 days late) and in default (more than 90 days late) with regard to significant amounts of these obligations. The Attorney General notified Lauersen of his delinquency and default, and pursuant to Section 3612(g) the district court imposed penalties of 10% of the principal amounts that were delinquent and an additional 15% of the principal amounts in default. The district court rejected Lauersen's motion to waive such penalties, stating that only the Attorney General, not the district court, has authority to waive all or part of delinquency and default penalties under Section 3612(g). We agree and therefore affirm the order of the district court.

As an initial matter, we decline to address the arguments that Lauersen raises for the first time on appeal, including counsel's argument that the Government provided insufficient notice of Lauersen's delinquency and default. Lauersen did not present these arguments to the district court in connection with the order from which Lauersen appeals and we find no reason to depart from the general rule that we will not consider issues raised for the first time on appeal. *See Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006). However, Lauersen has adequately challenged the district court's holding that it lacked authority to waive all or part of Lauersen's delinquency and default penalties under 18 U.S.C. § 3612.

This Court reviews a district court's conclusions of law de novo. *See, e.g.*, *United States v. Turk*, 626 F.3d 743, 747 (2d Cir. 2010); *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d Cir. 2007). Here, the district court denied Lauersen's motion for waiver of delinquency and default

penalties because the Government did not waive the penalties and the district court concluded that "a waiver or reduction of penalties under § 3612(h) requires the Government's petition." *United States v. Lauersen*, No. 98 Cr. 1134 (WHP), 2008 WL 5416377, at *2 (S.D.N.Y. Dec. 31, 2008).

Section 3612 concerns the collection of unpaid criminal fines or restitutions. As relevant here, the Attorney General is "responsible for collection of an unpaid fine or restitution" that the district court properly certifies. 18 U.S.C. § 3612(c). If a defendant is more than 30 days late paying a fine or restitution, he is delinquent. *Id.* § 3572(h). If a defendant is then delinquent for more than 90 days, he is in default. *Id.* § 3572(i). Section 3612 mandates substantial financial penalties for delinquency or default of a fine or restitution: "the defendant shall pay" 10% of the principal amount that is delinquent and an additional 15% of the principal amount that is in default. *Id.* § 3612(g); *United States v. Pescatore*, 637 F.3d 128, 144 (2d Cir. 2011).

In addition, Section 3612 requires that defendants "shall pay interest," according to a statutory formula, on fines or restitutions not paid in full within fifteen days of the judgment. 18 U.S.C. § 3612(f)(1)-(2). Congress specified that a district court may waive or modify the interest due if it "determines that the defendant does not have the ability to pay interest." *Id.* § 3612(f)(3). Moreover, Congress empowered the Attorney General to waive all or part of the interest *or penalty* if it determined that "reasonable efforts to collect the interest or penalty are not likely to be effective." *Id.* § 3612(h).

These requirements regarding payment of interest and delinquency and default penalties date back to the Criminal Fine Improvements Act of 1987, Pub. L. No. 100-185, § 11, 101 Stat. 1279, 1283-85 (1987). Congress added both the interest and penalty requirements at the same time, in the same statute. As is true today, Congress provided that both district courts and the Attorney General may waive all or part of the specified interest on fines. However, Congress

provided that only the Attorney General may waive all or part of specified delinquency and default penalties.  Congress could have given district courts similar authority for delinquency and default penalties, but it did not.

Generally, we presume that Congress expresses its intent through the language it chooses.  *See, e.g.*, *Holloway v. United States*, 526 U.S. 1, 6 (1999).  Congress granted district courts the power to waive or modify interest obligations, while granting only the Attorney General the authority to waive all or part of delinquency and default penalties – and it did so within the same Act, codified in the same section of the United States Code.  Therefore, we cannot lightly presume that Congress meant to implicitly grant district courts authority equivalent to the Attorney General's for delinquency and default penalties.  Indeed, Congress explicitly detailed the circumstances under which delinquency and default penalties could be waived.  Section 3612 provides that "[t]he *Attorney General* may waive all or part of any interest or penalty under this section . . . if, *as determined by the Attorney General*, reasonable efforts to collect the interest or penalty are not likely to be effective."  *Id.* § 3612(h) (emphases added).  Unlike the interest modification provision in Section 3612(f), Congress specified that the Attorney General, not the district court, may waive all or part of the penalty.  *Id.* § 3612(h).  Congress clearly expressed its intent to withhold such discretion from district courts.  *Cf. Elkins v. Moreno*, 435 U.S. 647, 665-66 (1978) (finding absence of restriction in one part of statute was "pregnant" when contrasted with other parts of statute, which included that restriction).

Section 3612(b)(1), which specifies the information that district courts must include in "[a] judgment or order imposing, *modifying*, or *remitting* a fine or restitution order of more than $100," is not to the contrary.  18 U.S.C. § 3612(b)(1) (emphases added).  Section 3612 does not prohibit district courts from modifying or remitting *a fine or restitution order*.  Instead, Section 3612 sets penalties for delinquent or defaulted payments of fines or restitution orders and

-4-

specifies who may waive such penalties in full or in part. Section 3612 itself does not authorize district courts to waive either fines and restitutions or delinquency and default penalties. The use of the words "modifying" and "remitting" in Section 3612(b)(1) merely reflects that some types of fines and restitution orders may be modified or remitted, and for those, as for the original imposition thereof, the district court must include certain information in the judgment. *Id.*; *accord United States v. Roper*, 462 F.3d 336, 340 (4th Cir. 2006). This language does not suggest that delinquency and default penalties themselves may be modified by district courts. Indeed, Section 3612(b) explicitly mentions modifying or remitting only fines and restitution orders – not delinquency and default penalties.

Nor does 18 U.S.C. § 3664(k) provide a district court with authority to waive all or part of delinquency or default penalties. Section 3664(k) allows a district court to "adjust the payment schedule" for "[a] restitution order," not to waive all or part of delinquency and default penalties that have been assessed under Section 3612. Lauersen does not argue that the district court erred in failing to adjust the payment schedule for his order of restitution. Instead, Lauersen argues that the district court erred by failing to "waive or reduce the penalties that have been assessed" on Lauersen's delinquent and defaulted fine and restitution. We reject this argument. Section 3664(k) does not authorize the district court to waive all or part of delinquency or default penalties.

Although we find the statutory language of Section 3612 clear, we note that the legislative history also indicates that Congress did not intend to authorize district courts to waive delinquency and default penalties under Section 3612 absent a waiver by the Attorney General. In the House Report for the Criminal Fine Improvements Act of 1987, the Judiciary Committee stated that under Section 3612(f), "[i]mposition of interest [on fines] . . . is at the court's discretion." H. Rep. 100-390, at 11 (1987). In contrast, the House Report notes that Section

3612(g) "imposes an *automatic* 10 percent penalty for any amount of the principal portion that has become delinquent and an additional 15 percent penalty for any amount of the principal portion of a fine that is in default." *Id.* (emphasis added). The legislative history does not suggest that district courts may decide that, given the circumstances, a defendant should pay, say, 7.5% of the principal amount that is delinquent or, say, 11% of the principal amount that is in default. Instead, the respective 10% and 15% penalties are "automatic," requiring no finding by the district court about the defendant's ability to pay the penalty. Although district courts lack the power to waive all or part of a delinquency or default penalty, the House Report noted that Section 3612(h) "authorizes the Attorney General to waive, *without court order*, all or part of interest and penalties owed." H. Rep. 100-390, at 11 (1987) (emphasis added). Thus, both the text of Section 3612 and its legislative history indicate that, rather than involving district courts in the decision to waive delinquency and default penalties, Congress purposefully left the decision to the Attorney General. Nor has this changed in the years after Congress passed the Criminal Fine Improvements Act of 1987. As relevant to this appeal, Section 3612 has changed little since the Criminal Fine Improvements Act of 1987, aside from an expansion in 1996 to cover unpaid restitution in addition to unpaid fines. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 207(c)(2), 110 Stat. 1214, 1237-38 (1996).

We conclude that the district court correctly interpreted Section 3612(h) as authorizing only the Attorney General, in its discretion, to waive all or part of delinquency and default penalties properly assessed pursuant to Section 3612(g). *See* 18 U.S.C. § 3612(h). Therefore, the district court properly denied Lauersen's motion for waiver of his delinquency and default penalties.

We have considered all of Lauersen's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.