10-1495-cv
Hyek v. Field Support Serv., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges,*
            LEE H. ROSENTHAL,[*]
                 *District Judge.*

―――――――――――――――――――――――――――

AUDRA HYEK,

                 *Plaintiff-Appellant,*

     v.                    10-1495-cv

FIELD SUPPORT SERVICES, INC.,

                 *Defendant-Appellee.*

―――――――――――――――――――――――――――

[*]Judge Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

FOR APPELLANT:    AUDRA HYEK, *pro se*, Uncasville, CT.

FOR APPELLEE:    JOHN T. BAUER (Lisa M. Griffith, *on the brief*), Littler Mendelson, P.C., Melville, NY

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED.**

Plaintiff-Appellant Audra Hyek, *pro se*, appeals from the Amended Memorandum and Order (the "Order") of the district court granting summary judgment to Defendant-Appellee Field Support Services, Inc. and dismissing her claims of gender discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296.  Appellee requests that Appellant's revised brief and appendix be stricken.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews an order granting summary judgment *de novo*, and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a

2

matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citation omitted). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

To establish a prima facie case of discrimination under Title VII, Appellant must show that she: (1) belonged to a protected class; (2) was qualified for the position she held or sought; (3) suffered an adverse employment action; and (4) did so under circumstances giving rise to an inference of discriminatory intent. *Terry*, 336 F.3d at 137-38. Claims brought under the NYSHRL "are analyzed identically" and "the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII." *Smith v. Xerox Corp.*, 196 F.3d 358, 363 n.1 (2d

3

Cir. 1999), *overruled on other grounds by Meacham v. Knolls Atomic Power Lab.*, 461 F.3d 134, 140-41 (2d Cir. 2006). Having conducted an independent review of the record and case law in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough Order.

We also decline to consider Appellant's equal protection, due process, Seventh Amendment, and retaliation claims. We find no reason to depart from our general rule that we will not consider claims raised for the first time on appeal. *United States v. Lauersen*, 648 F.3d 115, 115 (2d Cir. 2011).

We have considered Appellant's remaining arguments and, after a thorough review of the record, find them to be without merit. Accordingly, we need not address Appellee's request to strike Appellant's revised brief and appendix. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk