Walker v. Sankhi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

Anthony Walker,

> *Plaintiff-Appellant*,

> v.                                                                                11-2937

Sonny Sankhi, Detective of the 42nd Precinct,
Denise Diaz, Bronx Evidence Collection Team,
Maritza Bellamy,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Anthony Walker, *pro se*, Coxsackie, N.Y.

FOR DEFENDANTS-APPELLEES:        Deborah A. Brenner, Assistant Corporate Counsel, New York City Law Department, New York, New York, *for* Defendants-Appellees Sankhi and Diaz.

No appearance, *for* Defendant-Appellee Bellamy.[1]

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Walker, proceeding *pro se*, appeals the district court's judgment granting a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings brought by defendants City of New York and police officers Sonny Sankhi and Denise Diaz (collectively, "City defendants")[2] and dismissing his claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of a Rule 12(c) motion for judgment on the pleadings *de novo*. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6). *See id.* Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of

[1] The Clerk of Court is respectfully directed to strike the appearance of corporate counsel for the City of New York as counsel of record for Bellamy.

[2] Although the City is not named as a defendant on either the district court's docket sheet or this Court's, it was named in Walker's complaint and properly served.

the non-movant. *See id.* "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To succeed on a § 1983 claim, a plaintiff must show that the defendants, acting under the color of state law, deprived him or her of a constitutional right. *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995). False arrest and malicious prosecution are Fourth Amendment claims properly brought under § 1983. *See, e.g.*, *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir. 1990) (citing *Monroe v. Pape*, 365 U.S. 167, 171 (1961)). To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims. *See, e.g.*, *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (malicious prosecution); *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006) (false arrest). "Probable cause is a complete defense to any action for false arrest or malicious prosecution in New York." *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010) .

As an initial matter, because Walker has failed to challenge in his appellate brief the district court's dismissal of his claims against defendant-appellee Maritza Bellamy, and to make any well-developed arguments regarding whether his complaint stated viable municipal liability or state law claims, we deem those claims abandoned and do not address them in this decision.

3

*See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal quotation marks omitted))); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned).

We conclude that the district court did not err in granting the City defendants' motion for judgment on the pleadings and dismissing Walker's complaint. Walker's federal false arrest and malicious prosecution claims must fail because he has not overcome the presumption of probable cause created by the grand jury indictment in his prosecution on burglary charges arising from the May 2007 burglary of Bellamy's residence. *See Manganiello*, 612 F.3d at 162 (noting that indictment by a grand jury creates a presumption of probable cause and that only a showing of fraud, perjury, the suppression of evidence, or bad faith may overcome that presumption); *Dickerson*, 604 F.3d at 751; *see also Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990) ("[This Court is] free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied."). Moreover, even if he could overcome the presumption of probable cause, Walker could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) ("A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must . . . show some deprivation of liberty consistent with the concept of 'seizure.'").

4

Walker's arguments on appeal are unavailing, as he has not demonstrated how the facts of his case are materially different from those in the cases relied upon by the district court. As for the new claims raised in his appellate brief, we generally do not address claims that have not been raised in the district court and see no reason to do so in this case. *See United States v. Lauersen*, 648 F.3d 115, 115 (2d Cir. 2011) (per curiam). We have considered Walker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk