11-2625-cv
Robinson v. Harvard Prot. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:  REENA RAGGI,
                      DEBRA ANN LIVINGSTON,
                      RAYMOND J. LOHIER, JR.,
                                    *Circuit Judges*.

------------------------------------------------------------------------

ANTHONY L. ROBINSON,
                            *Plaintiff-Appellant*,

                    v.                                                        No. 11-2625-cv

HARVARD PROTECTION SERVICES,
                            *Defendant-Appellee.*
------------------------------------------------------------------------

FOR APPELLANT:          Anthony L. Robinson, *pro se*, New York, New York.

FOR APPELLEE:           Perry S. Heidecker, Milman Labuda Law Group, PLLC, Lake Success, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 25, 2011 is AFFIRMED.

Anthony Robinson appeals pro se from the dismissal of his second amended complaint, alleging discrimination and retaliation by his former employer, Harvard Protective Services, LLC, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. In reviewing the challenged dismissal de novo, see Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012), we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Metz v. U.S. Life Ins. Co., 662 F.3d 600, 602 (2d Cir. 2011). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d at 429.

To state a prima facie case of discrimination under Title VII, a plaintiff must allege that "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Brown v. City of

Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (internal quotation marks omitted). To state a hostile work environment claim, a plaintiff must plead facts tending to show "that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex," or another protected characteristic. Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks and punctuation omitted). A plaintiff suing under Title VII for retaliation must allege: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted).

Mindful of these principles, we conclude that Robinson has waived any specific challenges to the district court's decision because he does not raise any arguments directed at the merits of the district court's opinion in his opening brief to this court. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding, in the context of a pro se appeal, that issues not raised in an appellate brief are abandoned). Indeed, Robinson failed to present any such arguments to the district court. See United States v. Lauersen, 648 F.3d 115, 115 (2d Cir. 2011) (declining to address arguments raised for the first time on appeal).

3

In any event, an independent review of the record and relevant case law reveals that the district court correctly dismissed Robinson's second amended complaint because it did not plausibly allege a claim of Title VII discrimination based on race—or, indeed, of discrimination based on any other protected characteristic. Nor did his complaint plausibly allege a claim of retaliation under Title VII. The complaint is simply devoid of facts tending to establish the elements of those claims.

In a document filed more than five months after the appellee's brief and styled as a "Motion for Response to Dismissal," Robinson for the first time states that he is "not white[]" and that he was terminated because of his race. We ordinarily will not consider an issue raised for the first time on appeal. Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994). Moreover, we generally deem arguments not raised in an opening brief abandoned, even where the appellant is pro se. See LoSacco v. City of Middletown, 71 F.3d at 92–93. Robinson's latest filing presents arguments that were neither raised in the district court nor included in his opening brief to this court; moreover, Robinson seeks to introduce facts that were not part of his complaint, which he was twice permitted by the district court to amend. Under the circumstances, "we see no reason to allow [him] to effectively amend [his] complaint on appeal." Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 117 (2d Cir. 2009).

4

We have considered all of Robinson's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court