11-2233-cv
Guarneri v. West

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of    September, two thousand twelve.

PRESENT:   REENA RAGGI,
                       DEBRA ANN LIVINGSTON,
                       RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*.

----------------------------------------------------------------------------------------

JOSEPH PAUL GUARNERI,

                                *Plaintiff-Appellant*,

                    v.                                                        No. 11-2233-cv

CALVIN E. WEST, Superintendent Elmira Corr. Facility, KATTYLACKY, Sergeant, Elmira Correctional Facility, MISS. HAPKIN, Nurse Administrator of Elmira Correctional Facility, JAMES T. CONWAY, Superintendent Attica Correctional Facility, L. GUERTIN, First Deputy Superintendent of Attica Correctional Facility, M. WOELLER, Deputy Superintendent of Attica Correctional Facility, RANDY JAMES, Deputy Superintendent of Attica Correctional Facility, SANDRA DOLCE, Deputy Superintendent of Programs of Attica Correctional Facility, GEORGE STRUEBEL, Supervisor of Grievance of Attica Correctional Facility, B. FRISBY, Nurse Administrator of Attica Correctional Facility, D. ADAMY, Correctional Officer Attica Correctional Facility, KENNETH McLAUGHLIN, Director of Operation Inspector General, JOHN BAUERS, Physician

Attica Correctional Facility, LASKAWSKI, Physician of Attica Correctional Facility, TURTON, R.N. of Attica Correctional Facility, HAWLEY, R.N. of Attica Correctional Facility, PREACHER, Correctional Officer of Attica Correctional Facility, JOHN DOE, Correctional Officer 29 Company of Attica Correctional Facility at 8:30 am, JOHN DOE, Correctional Officer of both 29 Company & 13 Company of Attica Correctional Facility 4 pm, RADEMACKER, Correctional Officer of Attica Correctional Facility, ELIOT L. SPITZER, New York Attorney General,

*Defendants-Appellees*.

-----------------------------------------------------------------------------------

FOR PLAINTIFF:        Joseph Paul Guarneri, *pro se*, New York, New York.

FOR DEFENDANTS:     Martin A. Hotvet, Assistant Solicitor General, Andrea Oser, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 9, 2011, is AFFIRMED.

Joseph Paul Guarneri, proceeding pro se, appeals from an award of summary judgment in favor of defendants on Guarneri's claims that Elmira and Attica Correctional Facilities officials violated his constitutional rights by (1) impeding the practice of his religion, (2) denying him access to the courts, (3) using excessive force against him in the performance of a pat-down search, and (4) subjecting him to cruel and unusual punishment by deliberately depriving him of basic amenities and medical care. We review an award of

2

summary judgment <u>de novo</u>, construing the evidence in the light most favorable to Guarneri and drawing all reasonable inferences in his favor. <u>See</u> <u>Gould v. Winstar Commc'ns, Inc.</u>, 686 F.3d 108, 117–18 (2d Cir. 2012). We will uphold the award only if there is no genuine dispute as to any material fact and the movants are entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(a); <u>Gould v. Winstar Commc'ns, Inc.</u>, 686 F.3d at 118. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    <u>Exhaustion</u>

As an initial matter, Guarneri has waived any challenge to the district court's determination that he failed to satisfy the administrative exhaustion requirements with respect to his Eighth Amendment and freedom of religion claims, and, accordingly, we affirm their dismissal. <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that issues not raised by <u>pro se</u> party in appellate brief are waived). Although the district court also considered the merits of Guarneri's Eighth Amendment claims, we decline to do so in this case, as his failure properly to exhaust those claims is dispositive. <u>See</u> 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); <u>Woodford v. Ngo</u>, 548 U.S. 81, 93–95 (2006).

3

2.    Excessive Force

Guarneri has also waived any challenge to the district court's dismissal of his excessive force claim against the named and served defendants for lack of personal involvement.  On appeal, he focuses on the district court's dismissal of his claim against a single defendant, "Officer Preacher," who was not timely served pursuant to Fed. R. Civ. P. 4(m).  Although Guarneri argues on appeal that he has shown good cause for not timely serving this individual, he failed to raise that argument in opposing summary judgment in the district court.  There, Guarneri asserted that other named defendants withheld the true identity of "Officer Preacher," whom, "by way of an Article 78 proceeding," Guarneri discovered to be an "Officer Piechowicz." Pl.'s Statement of Undisputed Facts at 2, Guarneri v. West, No. 6:05-cv-6483 (W.D.N.Y. Feb. 24, 2010), ECF No. 100.  Yet Guarneri never contended that this purported deception prevented him from moving for an extension of time to serve Officer Piechowicz or, indeed, from attempting to serve him with process.  Because Guarneri failed to argue to the district court that he had good cause for not serving "Officer Preacher," we decline to consider that issue further.  See United States v. Lauersen, 648 F.3d 115, 115 (2d Cir. 2011) (declining to address issue first raised on appeal).

3.    Access to the Courts

The district court properly entered judgment against Guarneri on the claim that he was denied access to the courts, and we affirm for substantially the same reasons.  Although prisons must provide inmates the means to ensure a reasonably adequate opportunity to

4

access the courts, see Bounds v. Smith, 430 U.S. 817, 821–25 (1977); Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001), a prisoner claiming denial of such access must demonstrate that the prison hindered his efforts to pursue a non-frivolous legal or administrative action, see Lewis v. Casey, 518 U.S. 343, 351 (1996); Bourdon v. Loughren, 386 F.3d 88, 98–99 (2d Cir. 2004). Here, the record shows that Guarneri was not denied any access but, rather, was granted repeated opportunities to visit the Elmira and Attica prison libraries, which enabled him to file grievances and papers in several administrative and judicial proceedings.

To the extent Guarneri contends that he was unable to file an appeal in his criminal case, he testified at his deposition that he had succeeded in filing a notice of appeal but never filed a brief and "just let [the appeal] go" because of the lapse in time between his visits to the prison legal library. Levine Decl., Ex. D (Guarneri Dep. Tr.) at 187–88, Guarneri v. West, No. 6:05-cv-6483 (W.D.N.Y. Jan. 29, 2010), ECF No. 95. On this record, which shows that Guarneri (1) was granted repeated access to the Elmira and Attica prison libraries and (2) forfeited his criminal appeal while continuing to file papers in his other administrative and judicial proceedings, no reasonable jury could conclude that the defendants were responsible for Guarneri's failure to file an appellate brief in his criminal case. Thus, summary judgment was properly granted on his access to the courts claim.

5

4.     Conclusion

We have considered all of Guarneri's arguments and conclude that they are without

merit.  Accordingly, the judgment is AFFIRMED.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk of Court

6