Weisshaus v. Port Auth. of N.Y. & N.J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
>
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Yoel Weisshaus,

*Plaintiff-Appellant*,

v.                                                          11-4934

Port Authority of New York and New Jersey, *et al.*,

*Defendants-Appellees*.

---

FOR PLAINTIFF -APPELLANT:        Yoel Weisshaus, *pro se*, New Milford, New Jersey.

FOR DEFENDANTS-APPELLEES:        Kathleen Gill Miller, The Port Authority of New York and New Jersey, *for* Defendant-Appellee Port Authority of New York and New Jersey.

No appearance for Defendants-Appellees State of New York, New York State Assembly, New York State Senate, State of New Jersey, New Jersey State Legislator, New Jersey State General Assembly, New Jersey State Senate, John Does 1-20, Jane Does 1-20.

Appeal from a judgment of the United States District Court for the Southern District of New York, (Batts, J.), and its subsequent order denying reconsideration (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART**, and the case is **REMANDED** to the district court for further proceedings.

Appellant Yoel Weisshaus, proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing his civil rights complaint, to the extent it dismissed his claims against the Port Authority of New York and New Jersey ("Port Authority") for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He also appeals the district court's subsequent order denying his construed Federal Rule of Civil Procedure 60(b) motion for reconsideration. The Port Authority moves to strike certain exhibits from the appendix to Weisshaus's appellate brief, and the portions of the brief that cite to those exhibits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal made pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we read *pro se* complaints with "special solicitude," and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (citations omitted).

## I.      Constitutional Claims

As an initial matter, we conclude that the district court did not err in construing Weisshaus's constitutional claims as having been asserted pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy where a plaintiff alleges that the defendant, acting under the color of state law, deprived him of a federal right. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60-61 (2d Cir. 2012). In this case, with respect to his constitutional claims, Weisshaus's challenge to the Port Authority's actions is that, while exercising its state law authority to regulate toll rates, the Port Authority violated his federal constitutional rights, which is precisely the type of claim for which § 1983 provides a remedy.

2

As a general matter, "[t]he right to travel is implicated in three circumstances: (1) when a law or action deters such travel; (2) when impeding travel is its primary objective; and (3) when a law uses any classification which serves to penalize the exercise of that right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010). However, "travelers do not have a constitutional right to the most convenient form of travel, and minor restrictions on travel simply do not amount to the denial of a fundamental right." *Id.* at 140-41 (internal quotation marks and citation omitted); *see also Soto-Lopez v. N.Y.C. Civil Serv. Comm'n*, 755 F.2d 266, 278 (2d Cir. 1985) ("Merely having an effect on travel is not sufficient to raise an issue of constitutional dimension.").

We conclude that the district court properly dismissed Weisshaus's claims based on his constitutional right to travel insofar as it analyzed his claims under the above standard, and thus affirm the district court's dismissal of his constitutional claims to the extent that they were brought as a challenge to the Port Authority's imposition of tolls, regardless of amount. However, we conclude that the district court erred in failing to consider whether Weisshaus had adequately pleaded a constitutional challenge to the reasonableness of the amount of the tolls under the dormant Commerce Clause, and, accordingly, we remand the case to the district court to determine in the first instance whether Weisshaus has adequately pleaded such a claim or should be granted leave to amend the claim.

On remand, the district court should analyze the adequacy of Weisshaus's pleadings with respect to a dormant Commerce Clause claim by applying the standard the Supreme Court set out in *Northwest Airlines, Inc. v. County of Kent*, 510 U.S. 355 (1994), for analyzing the reasonableness of fees charged for use of state-provided facilities. See *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 98 (2d Cir. 2009) (concluding that the appropriate test for analyzing the constitutionality and reasonableness of highway tolls under the dormant Commerce Clause was that set out in *Northwest Airlines*). Under *Northwest Airlines*, a fee is reasonable if it "(1) is based on some fair approximation of use of the facilities, (2) is not excessive in relation to the benefits conferred, and (3) does not discriminate against interstate commerce." *Nw. Airlines*, 510 U.S. at 369. In the alternative, the district court may, in its discretion, consider staying the action pending a decision in *Automobile Club of New York, Inc. v. Port Authority of New York & New Jersey*, No. 11-CV-6746 (S.D.N.Y. filed Sept. 27, 2011) (order denying preliminary injunction published at 842 F. Supp. 2d 672 (S.D.N.Y. 2012)). We express no opinion as to the merits of a dormant Commerce Clause claim, and leave it to the district court to determine the best way to address the issue on remand. In all other respects, the district court's dismissal of Weisshaus's constitutional claims is affirmed.

## II.     Robinson-Patman and State Law Claims

We also affirm the district court's dismissal of Weisshaus's claims brought under the Robinson-Patman Act, 15 U.S.C. § 13, as well as his state law unjust enrichment claim. In order to state a claim under the Robinson-Patman Act, a plaintiff must adequately plead the existence of an antitrust injury, *see E&L Consulting, Ltd. v. Doman Indus. Ltd.*, 472 F.3d 23, 32-33 (2d Cir. 2006), and here, there is nothing to suggest that any antitrust-related issue is implicated by the allegations in Weisshaus's complaint. As for Weisshaus's state law unjust enrichment claim,

3

although the district court did not specifically address the issue, we conclude that the claim was properly dismissed because the district court would have lacked jurisdiction over the claim. *See Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990) ("[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied."). Pursuant to the statutes waiving the Port Authority's statutory sovereign immunity, an individual wishing to bring a state law claim against the Port Authority must file a notice of claim sixty days *prior* to commencing suit, *see* N.Y. Unconsol. Laws § 7107 (McKinney); N.J. Stat. Ann. § 32:1-163, and Weisshaus conceded in his district court filings that he had failed to do so. Compliance with the sixty-day notice requirement is jurisdictional in nature, *see Caceres v. Port Auth. of New York & New Jersey*, 631 F.3d 620, 624-25 (2d Cir. 2011), and, thus, Weisshaus's failure to serve the notice of claim before filing suit deprived the district court of jurisdiction over any state law claims. Accordingly, we affirm the district court's dismissal of Weisshaus's Robinson-Patman and state law unjust enrichment claims.

Although Weisshaus also argues the merits of a number of claims that he did not assert in the district court, we decline to address those claims as they are not properly before the Court. *See United States v. Lauersen*, 648 F.3d 115, 115 (2d Cir. 2011). We also decline to address any claims Weisshaus raised for the first time in his Rule 60(b) motion, as the district court properly declined to address the merits of those claims. *Cf. Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 [governing motions to alter or amend a judgment] is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple[.]" (internal quotation marks omitted)).

## III. Conclusion

Given our decision to remand the case to the district court, we find it unnecessary to address the issue of whether the district court erred in construing Weisshaus's post-judgment submission as a Rule 60(b) motion and denying the construed motion. We have considered Weisshaus's remaining arguments and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED IN PART**, and the case is **REMANDED** to the district court for further proceedings consistent with this decision. It is further **ORDERED** that the Port Authority's motion to strike is **GRANTED**, as we generally do not consider on appeal materials that were not part of the record before the district court, *see IBM v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975), and do not find that extraordinary circumstances warranting the review of such materials exist in the instant case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4